SIDNEY C. SMITH, BY, ETC., *v.* WEEDEN D. GAY.

**Forcible Entry and Detainer—Principal and Agent.**

Where a transaction merely amounted to an agreement whereby S. was to act as G.'s agent, entry on the land by G. was not unlawful, and will not sustain an action for forcible entry and detainer.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

September 12, 1873.

OPINION BY JUDGE LINDSAY:

We do not deem it necessary to inquire into the legality of the trust created by the deed executed to Smith by Gay in November, 1861, nor whether the courts would enforce such a trust, for at the instance of the beneficiary it is perfectly clear that Smith did not purchase the estate described in said deed at the time of its execution and that he received the title upon an express agreement to hold it in trust for Gay. The execution by him in 1864 of the deed to Sally Smith divested him of title to the estate and the subsequent destruction of such deed, even with the assent of Gay (which is not established), would not have had the legal effect of re-investing him with the title. 2 Washburn on

Real Property, 587; Greenleaf on Evidence, Sec. 568. If this deed and the one executed at the same time by Sally Smith to Gay had been destroyed or canceled by him or with his consent, pursuant to the alleged oral purchase made by Smith in the latter part of the year 1865, he would be estopped to assert title against Smith, but it is not claimed or proved that their destruction or cancellation, if indeed they are not yet in existence, had any connection whatever with this transaction, and no witness pretends that Gay destroyed or canceled them, or authorized any one else to do so. The title not being in Smith at the time of his death, of course his heir-at-law could not recover in her action of ejectment.

The testimony rather conduces to establish Gay's statement that the transaction between himself, Smith and Chenault, was a mere arrangement authorizing Smith to sell, and Chenault to receive the purchase money for his land. Whether he intended thereby to prevent the collection of judgments that might be recovered against him on account of torts committed during the war, is a matter of no consequence. His fraudulent intent can not inure to the benefit of Smith.

But even if this transaction was as Smith claims, an oral sale to him of the land, it was a contract that can not be enforced, and as Gay is in possession, and as the record clearly shows that Smith realized fully as much from the sale of the land afterwards made by him as he paid to Chenault for Gay his heir, he can not complain that she is adjudged to surrender all claim to the land. If his personal representative were to sue to enforce his lien for money paid under the oral purchase it would be a sufficient answer upon the part of Gay that Smith had sold portions of the land and realized therefrom as much money as he had paid pursuant to the purchase. But we are of the opinion that there was no sale at all, but a mere arrangement authorizing Smith to act as Gay's agent. The question of lien does not arise in this case. Smith being a mere agent, Gay's entry upon the land in 1867 was not unlawful, hence the warrants for forcible entry and detainer were properly dismissed.

It is unnecessary upon this appeal to inquire whether or not the court erred in adjudging that Gay owes Smith's estate nothing on account of the intestate's agency. If he does, the right of action is in the administrator who does not appeal from the judgment.

An error in this regard, if one was committed, will not authorize a reversal upon the appeal of Smith's heir-at-law.

Judgment *affirmed*.

*Buckner, Simpson, for appellant.*

*Apperson, Reid, Turner, for appellee.*